UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ROBERT ASHLUND**, </br>     Plaintiff, </br></br> v </br></br> **IC SYSTEM**, </br>     Defendants. | ) </br> ) </br> ) </br> ) **C. A. No.:** </br> ) </br> ) </br> ) **COMPLAINT AND DEMAND FOR** </br> ) **JURY TRIAL** </br> ) </br> ) **(Unlawful Debt Collection Practices)** </br> ) |

## COMPLAINT

ROBERT ASHLUND ("Plaintiff"), by and through his attorneys, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., alleges the following against IC SYSTEM ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

3. Defendant conducts business in the State of Connecticut, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Berlin, Connecticut 06037.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a national debt collection company with its corporate headquarters located at 444 Highway 96 East, P.O. Box 64378, St. Paul, Minnesota 55127.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Upon information and belief, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

12. The alleged debt at issue arose out of transactions that were primarily for personal, family or household purposes.

13. Plaintiff has no business debts, and the debt that Defendant was attempting to collect could only have been a personal debt.

14. Beginning in or around December 2015 and continuing thereafter, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone.

PLAINTIFF'S COMPLAINT

15. Defendant's harassing debt collection calls derived from numbers including, but not limited to (307) 316-7474. The undersigned has confirmed that this number belongs to the Defendant.

16. These calls were particularly annoying for Plaintiff as he often received them while he was at work and is not allowed to take personal calls during work hours.

17. Plaintiff told Defendant's representatives to stop calling him sometime in early January 2016.

18. Despite the instruction to stop calling, Defendant's representatives continued to call Plaintiff about the alleged debt.

19. Once Defendant knew the calls were unwanted any further calls could only have been for the purpose of harassment.

20. In an effort to stop the repeated calls, Plaintiff took efforts to block the Defendant's number.

21. Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt.

22. Defendant's actions as described herein were made with the intent to harass, upset, deceive and coerce payment from Plaintiff.

23. Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written correspondence advising him of his rights to dispute the debt and/or request verification, as well as his right to request the name and address of the original creditor.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

24. Defendant's conduct violated 15 U.S.C. §1692d and 1692d(5).

   a. A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff on his cellular telephone and continuing to call after being told to stop calling.

### COUNT II

25. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §1692f of the FDCPA.

   a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

   b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to cease collection calls to Plaintiff's cellular telephone after he told them to stop calling.

## COUNT III

26  Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a. A debt collector violates §1692g(a) of the FDCPA by failing, within five days after the initial communication with a consumer in connection with the collection of a debt, to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b. Here, Defendant violated §1692g(a) of the FDCPA by failing to send Plaintiff written notification of his rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial communication with him.

WHEREFORE, Plaintiff, ROBERT ASHLUND, respectfully prays for judgment as follows:

a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROBERT ASHLUND, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

ROBERT ASHLUND

By his Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: January 13, 2017